IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHANDA CALLAWAY,                      *
As Administrator of the Estate of     *
CHANNING LAMAR SPIVEY,                 *
Deceased,                              *
Plaintiff,                             *
                                       *
v.                                     *      2:20-cv-598
                                       *
MASON ADCOCK,                          *
Defendant.                             *

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW the Defendant, Mason Adcock, by and through counsel, and states the following as its answer to Plaintiff's complaint:

## NATURE OF ACTION, JURISDICTION AND VENUE

1.      This Defendant denies any and all liability that may be alleged in paragraph 1 of Plaintiff's complaint.

2.      This Defendant denies paragraph 2 of Plaintiff's complaint and demands strict proof thereof.

3.      This Defendant admits that jurisdiction and venue are proper in the United States District Court for the Middle District of Alabama, Northern Division.

4.      This Defendant admits that jurisdiction and venue are proper in the United States District Court for the Middle District of Alabama, Northern Division.

## PARTIES

5.      This Defendant has insufficient information to admit or deny whether Chanda Calloway was duly appointed administrator of the estate of Channing Lamar Spivey. This Defendant

denies any and all liability that may be alleged in paragraph 5 of Plaintiff's complaint and demands strict proof thereof.

6.      This Defendant admits that he is an adult citizen and a resident of Crenshaw County and was the Assistant Police Chief of the City of Luverne on May 27, 2020 when he was forced to shoot Channing Lamar Spivey. This Defendant denies any and all liability that may be alleged in paragraph 6 of Plaintiff's complaint and demands strict proof thereof.

**FIRST CLAIM FOR RELIEF**
**Unlawful use of deadly force**
**Fourth Amendment Violations, §1983 liability**

7.      This Defendant has insufficient information to admit or deny paragraph 7 of Plaintiff's complaint.

8.      This Defendant denies paragraph 8 of Plaintiff's complaint and demands strict proof thereof.

9.      This Defendant has insufficient information to admit or deny paragraph 9 of Plaintiff's complaint.

10.      This Defendant has insufficient information to admit or deny paragraph 10 of Plaintiff's complaint.

11.      This Defendant has insufficient information to admit or deny paragraph 11of Plaintiff's complaint.

12.      This Defendant has insufficient information to admit or deny paragraph 12 of Plaintiff's complaint.

13.      This Defendant has insufficient information to admit or deny paragraph 13 of Plaintiff's complaint.

14.     This Defendant admits that police officers made contact with Channing earlier in the day. This Defendant does not have the details of that interaction. This Defendant denies any and all liability that may be alleged in paragraph 14 of paragraphs complaint and demand strict proof thereof.

15.     This Defendant has insufficient information to admit or deny paragraph 15 of Plaintiff's complaint.

16.     This Defendant has insufficient information to admit or deny paragraph 16 of Plaintiff's complaint.

17.     This Defendant denies paragraph 17 of Plaintiff's complaint because the Luverne Police Department does not have a dispatcher. This Defendant denies any and all liability that may be alleged in paragraph 17 of Plaintiff's complaint and demands strict proof thereof.

18.     This Defendant has insufficient information to admit or deny paragraph 18 of Plaintiff's complaint.

19.     This Defendant has insufficient information to admit or deny paragraph 19 of Plaintiff's complaint.

20.     This Defendant has insufficient information to admit or deny paragraph 20 of Plaintiff's complaint.

21.     This Defendant admits that an EMT was at the scene. This Defendant has insufficient information to admit or deny the remainder of paragraph 21 of Plaintiff's complaint.

22.     This Defendant admits that an EMT was at the scene. This Defendant has insufficient information to admit or deny the remainder of paragraph 22 of Plaintiff's complaint.

23.     Admit.

24.     Admit.

25.     This Defendant admits that Zanna Bloodsworth ran to Mason Adcock's house and informed Mason Adcock that "he" had gone crazy and was going to "kill everybody." This Defendant denies any and all liability that may be alleged in paragraph 25 of Plaintiff's complaint and demands strict proof thereof.

26.     This Defendant has insufficient information to admit or deny paragraph 26 of Plaintiff's complaint.

27.     This Defendant has insufficient information to admit or deny paragraph 27 of Plaintiff's complaint.

28.     This Defendant admits that Zanna Bloodsworth informed this Defendant that Channing was going to "kill everybody." This Defendant denies any and all liability that may be alleged in paragraph 28 of Plaintiff's complaint.

29.     This Defendant denies paragraph 29 of Plaintiff's complaint and demands strict proof thereof.

30.     This Defendant admits that Deputy Penny and Channing arrived at this Defendant's home. This Defendant denies any and all liability that may be alleged in paragraph 30 of Plaintiff's complaint.

31.     This Defendant denies paragraph 31 of Plaintiff's complaint and demands strict proof thereof.

32.     This Defendant denies paragraph 32 of Plaintiff's complaint and demands strict proof thereof.

33.     This Defendant admits that Channing assaulted this Defendant and that this Defendant was acting under the color of state law when he defended himself. This Defendant denies any

and all liability that may be alleged in paragraph 33 of Plaintiff's complaint and demands strict proof thereof.

34.     Admit.

35.     This Defendant denies paragraph 35 of Plaintiff's complaint and demands strict proof thereof. This Defendant was being assaulted by Channing at the time of the incident. Assaulting a police officer is a crime.

36.     Upon information and belief, this Defendant does not believe Channing was armed with a gun at the time of the shooting. This Defendant denies any and all liability that may be alleged in paragraph 36 of Plaintiff's complaint and demands strict proof thereof.

37.     This Defendant denies paragraph 37 of Plaintiff's complaint and demands strict proof thereof.

38.     This Defendant denies paragraph 38 of Plaintiff's complaint and demands strict proof thereof.

39.     This Defendant denies paragraph 39 of Plaintiff's complaint and states that Channing was assaulting this Defendant at the time of the incident.

40.     This Defendant denies paragraph 40 of Plaintiff's complaint and demands strict proof thereof.

41.     This Defendant denies paragraph 41 of Plaintiff's complaint and demands strict proof thereof. Further, this Defendant denies the "wherefore" paragraph set forth at the end of paragraph 41 of Plaintiff's complaint and demands strict proof thereof.

**SECOND CLAIM FOR RELIEF**
**Wrongful death claim asserted under state law**
**§6-5-410, Code of Alabama, 1975**

42.     This Defendant has insufficient information to admit or deny paragraph 42 of Plaintiff's complaint.

43.     This Defendant denies paragraph 43 of Plaintiff's complaint and demands strict proof thereof.

44.     This Defendant has insufficient information to admit or deny paragraph 44 of Plaintiff's complaint.

45.     This Defendant has insufficient information to admit or deny paragraph 45 of Plaintiff's complaint.

46.     This Defendant has insufficient information to admit or deny paragraph 46 of Plaintiff's complaint.

47.     This Defendant has insufficient information to admit or deny paragraph 47 of Plaintiff's complaint.

48.     This Defendant has insufficient information to admit or deny paragraph 48 of Plaintiff's complaint.

49.     This Defendant admits that police officers made contact with Channing earlier in the day. This Defendant does not have the details of that interaction. This Defendant denies any and all liability that may be alleged in paragraph 49 of paragraphs complaint and demand strict proof thereof.

50.     This Defendant has insufficient information to admit or deny paragraph 50 of Plaintiff's complaint.

51.     This Defendant has insufficient information to admit or deny paragraph 51 of Plaintiff's complaint.

52.     This Defendant denies paragraph 52 of Plaintiff's complaint because the Luverne Police Department does not have a dispatcher. This Defendant denies any and all liability that may be alleged in paragraph 52 of Plaintiff's complaint and demands strict proof thereof.

53.     This Defendant has insufficient information to admit or deny paragraph 53 of Plaintiff's complaint.

54.     This Defendant has insufficient information to admit or deny paragraph 54 of Plaintiff's complaint.

55.     This Defendant has insufficient information to admit or deny paragraph 55 of Plaintiff's complaint.

56.     This Defendant admits that an EMT was at the scene. This Defendant has insufficient information to admit or deny the remainder of paragraph 56 of Plaintiff's complaint.

57.     This Defendant admits that an EMT was at the scene. This Defendant has insufficient information to admit or deny the remainder of paragraph 57 of Plaintiff's complaint.

58.     Admit.

59.     Admit.

60.     This Defendant admits that Zanna Bloodsworth ran to Mason Adcock's house and informed Mason Adcock that "he" had gone crazy and was going to "kill everybody." This Defendant denies any and all liability that may be alleged in paragraph 60 of Plaintiff's complaint and demands strict proof thereof.

61.     This Defendant has insufficient information to admit or deny paragraph 61 of Plaintiff's complaint.

62.     This Defendant has insufficient information to admit or deny paragraph 62 of Plaintiff's complaint.

63.     This Defendant admits that Zanna Bloodsworth informed this Defendant that Channing was going to "kill everybody." This Defendant denies any and all liability that may be alleged in paragraph 63 of Plaintiff's complaint.

64.     This Defendant denies paragraph 64 of Plaintiff's complaint and demands strict proof thereof.

65.     This Defendant admits that Deputy Penny and Channing arrived at this Defendant's home. This Defendant denies any and all liability that may be alleged in paragraph 65 of Plaintiff's complaint.

66.     This Defendant denies paragraph 66 of Plaintiff's complaint and demands strict proof thereof.

67.     This Defendant denies paragraph 67 of Plaintiff's complaint and demands strict proof thereof.

68.     This Defendant admits that Channing assaulted this Defendant and that this Defendant was acting under the color of state law when he defended himself. This Defendant denies any and all liability that may be alleged in paragraph 68 of Plaintiff's complaint and demands strict proof thereof.

69.     Admit.

70.     This Defendant denies paragraph 70 of Plaintiff's complaint and demands strict proof thereof. This Defendant was being assaulted by Channing at the time of the incident. Assaulting a police officer is a crime.

71.     Upon information and belief, this Defendant does not believe Channing was armed with a gun at the time of the shooting. This Defendant denies any and all liability that may be alleged in paragraph 71 of Plaintiff's complaint and demands strict proof thereof.

72.     This Defendant denies paragraph 72 of Plaintiff's complaint and demands strict proof thereof.

73.     This Defendant denies paragraph 73 of Plaintiff's complaint and demands strict proof thereof.

74.     This Defendant denies paragraph 74 of Plaintiff's complaint and states that Channing was assaulting this Defendant at the time of the incident.

75.     This Defendant denies paragraph 75 of Plaintiff's complaint and demands strict proof thereof.

76.     This Defendant denies paragraph 76 of Plaintiff's complaint and demands strict proof thereof. Further, this Defendant denies the "wherefore" paragraph set forth at the end of paragraph 76 of Plaintiff's complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.      This Defendant affirmatively pleads contributory negligence.

2.      This Defendant affirmatively pleads the general issue.

3.      This Defendant affirmatively pleads qualified immunity.

4.      This Defendant affirmatively pleads state agent immunity.

5.      This Defendant affirmatively pleads justification.

6.      This Defendant affirmatively pleads self-defense.

7.      This Defendant affirmatively pleads defense of another person.

8.      This Defendant affirmatively pleads defense of premises.

9.      This Defendant affirmatively pleads assumption of risk.

10.     This Defendant affirmatively pleads his actions were not the proximate cause of Plaintiff's alleged damages.

11.    This Defendant affirmatively pleads intervening and superseding causation.

12.    This Defendant affirmatively pleads Plaintiff failed to comply with the statutory

requirements to maintain this lawsuit.

## PUNITIVE DAMAGES

1.    The award of punitive damages to Plaintiff violates the Fourth, Fifth, Sixth, Eighth, and

Fourteenth Amendments of the Constitution of the United states on the following

grounds:

      a.    it is a violation of the Due Process and Equal Protection Clauses of the

Fourteenth Amendment of the United States Constitution to impose punitive

damages, which are penal in nature, against a civil defendant upon the Plaintiff

satisfying a burden of proof which is less than the "beyond a reasonable doubt"

burden of proof required in criminal cases;

      b.    the procedures pursuant to which punitive damages are awarded may result in the

award of joint and several judgments against multiple Defendants for different

alleged acts of wrongdoing, which infringes the Due Process and Equal Protection

Clauses of the Fourteenth Amendment of the United States Constitution;

      c.    the procedures pursuant to which punitive damages are awarded fail to provide a

reasonable limit on the amount of the award against Defendant, which thereby

violates the Due Process Clause of the Fourteenth Amendment of the United

States Constitution;

      d.    the procedures pursuant to which punitive damages are awarded fail to provide

specific standards for the amount of the award of punitive damages, which

thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

e.      the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

f.      the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal find for the same or similar conduct which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

g.      the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

2.      Plaintiff's attempt to impose punitive or extra contractual damages on Defendant, on the basis of vicarious liability violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

3.      The award of punitive damages to the Plaintiff in this cause constitutes a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

4.      The award of punitive damages to Plaintiff violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

    a.      it is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil Defendant upon the Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b.      the procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant;

    c.      the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

    d.      the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

    e.      the award of punitive damages in this case constitutes a deprivation of property without due process of law.

5.    The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

6.    The award of punitive damages to the Plaintiff in this action violates the prohibition against laws that impair the obligations of the contracts in violation of Article I, Section 22 of the Constitution of Alabama.

7.    The imposition of punitive damages in this case for alleged misconduct toward persons other than the plaintiff would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

8.    The imposition of punitive damages in this case would violate the Takings Clause of the Fifth Amendment to the United States Constitution.

9.     The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the standards of liability for punitive damages in Alabama are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

10.    The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the Alabama standards for determining the amount of the award are unduly vague and subjective, and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

11.    The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because Alabama post-verdict review procedures for scrutinizing punitive damage verdicts do not proved a meaningful constraint on the discretion of juries to impose punishment.

12.    The imposition of punitive damages in this case based upon evidence of defendant's wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

13.    The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to the plaintiff would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.


/s/ Rick A. Howard
Rick A. Howard (ASB-9513-W79R)
April W. McKay (ASB-5653-P76W)

Attorneys for Defendants

OF COUNSEL:

Holtsford Gilliland Higgins
 Hitson & Howard, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128
(334) 215-8585


## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of same in the United States Mail, postage prepaid and properly addressed; and/or (c) by personal/firm e-mail to:


Griffin Sikes, Jr.
P.O. Box 11234
Montgomery, Alabama 36111

Nathan Dickson
Jinks, Crow & Dickson, P.C.
217 North Prairie Street
Union Springs, Alabama 36089

on this the 3rd day of September, 2020.

　　　　　　　　　　　　　　 /s/ Rick A. Howard
　　　　　　　　　　　　　　 OF COUNSEL